# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50038 | **DATE** | 12/20/2002 |
| **CASE TITLE** | Beloit Liquidating Trust vs. United Insurance Co. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion for summary judgment is denied. Defendant's motion to file a reply brief in excess of 15 pages is granted. In an order entered today in case number 02 C 50037 the parties to this action have been ordered to schedule a settlement conference with the magistrate judge within thirty-five days. The settlement conference shall encompass the claims and issues in this action as well. The magistrate judge may choose to conduct a settlement conference himself or order mediation of the dispute.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| X | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 23 2002 date docketed | |
| | Docketing to mail notices. | | | 78 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 DEC 23 AM 8:36 | 12-20-02 date mailed notice | |
| /SEC | courtroom deputy's initials | FILED-WD Date/time received in central Clerk's Office | SW mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Beloit Liquidating Trust, brings this action against defendant, United Insurance Co., alleging breach of a duty to defend (Count I), seeking a declaration defendant is estopped to deny coverage (Count II), and a declaration defendant must indemnify plaintiff (Count III). Jurisdiction is based on diversity of citizenship. 28 U.S.C. § 1332. Plaintiff is a citizen of Texas. (LR 56.1 (b) Resp. ¶2) Defendant is a citizen of Grand Cayman, B.W.I., a foreign state. The amount in controversy exceeds $75,000.

Defendant, by virtue of assuming policies of insurance issued by Wrenford Insurance Co., and by issuing policies of its own, provided both primary and excess insurance coverage to plaintiff between 1975 and 1984. (LR 56.1(b) ¶¶1-10) Plaintiff was sued by the State of Illinois in 1991 for alleged environmental contamination at plaintiff's Rockton, Illinois property. (LR 56.1(a) ¶¶18-19) Defendant accepted plaintiff's tender of the defense for claims arising from the alleged contamination subject to a reservation of rights to deny coverage. (LR 56.1(b) ¶ 11) Plaintiff, along with its parent, Harnischfeger Industries, Inc., and various other subsidiaries of Harnischfeger, filed bankruptcy on June 7, 1999, and a joint plan of reorganization was confirmed on May 18, 2001. (LR 56.1(a) ¶¶21, 23) Defendant moves for summary judgment claiming that the primary insurance contracts were executory contracts, which, since not assumed by plaintiff in the bankruptcy, are deemed rejected. Defendant contends the rejection means it is not liable to plaintiff under the rejected primary policies.[1]

The primary policies are retroactive premium policies which means premiums were paid after the policy period based on actual losses during the policy period. (Id. ¶ 10; LR 56.1(b), Resp. ¶10) The policies at issue contain the following clause: "Bankruptcy or insolvency of the insured or of the insured's estate shall not relieve the Company [defendant] of any of its obligations hereunder." ("Bankruptcy Clauses") (LR 56.1(b) ¶13) The policies' retroactive premium endorsement contains the following: "4. Payments and Computations of Premium for Insurance Subject Hereto. (a) . . . If the Named Insured disposes of his entire interest in the operations covered by the policy, or makes an assignment for the benefit of creditors, or is in a legal proceeding reorganized or declared bankrupt or insolvent, and if the premium as of the date of such change of status is greater than the Plan Premium for insurance to such date, the Company may compute the Plan Premium as of such date, as soon as practicable thereafter. (b) After each computation, if the premium thus computed exceeds the premium paid . . . the Named Insured shall pay the difference to the Company . . . ." ("Retro-premium Endorsement") (LR 56.1(a) Exh. A(2) p. B003937-38) Defendant filed a proof of claim in plaintiff's bankruptcy in the amount of $362,616 for unpaid retroactive premiums calculated by subtracting premiums paid from losses. (LR 56.1(b) ¶ 12, Exh. 7) Defendant's proof of claim stated defendant reserved its right to argue the insurance contracts were executory. (Id.) Plaintiff admits it did not provide in its chapter 11 plan for the assumption or rejection of the policies at issue. (LR 56.1(a), Exh. E ¶ 2)

Defendant argues it is entitled to summary judgment because plaintiff's failure to assume the insurance contracts resulted in the rejection of those contracts under 11 U.S.C. § 365 and that the rejection extinguished defendant's obligation to perform under the contracts. Defendant's argument fails because the insurance contracts were not executory contracts subject to assumption or rejection in the bankruptcy proceeding. A contract is executory where significant unperformed obligations remain on both sides and the nonperformance of either party would constitute a material breach. See In re Streets & Beard Farm P'ship, 882 F.2d 233, 235 (7th Cir. 1989). Courts have consistently held that insurance policies where the policy coverage period has expired prior to the insured's bankruptcy are not executory contracts despite ongoing obligations of the debtor. See In re Ames Dep't Stores, Inc., No. 93 Civ. 4014, 1995 WL 311764 (S.D. N.Y. May 18, 1995) (collecting cases). In the Bankruptcy Clauses defendant has agreed that plaintiff's bankruptcy will not relieve defendant of its obligations under the policies. Implicit in this agreement is the understanding that failure to pay retrospective premiums due to the plaintiff's bankruptcy would not excuse defendant from paying claims arising from occurrences during the pre-petition policy coverage period, see In re Sudbury, Inc., 153 B.R. 776, 778 (Bankr. N.D. Ohio 1993), and that defendant's right to collect the retrospective premiums would be governed by the Bankruptcy Code's provisions dealing with pre-petition claims. The Retro-premium Endorsement does not override the Bankruptcy Clauses but rather provides defendant with the option of calculating the premium as of the date of bankruptcy filing rather than waiting for the normal contract interval for calculating premiums. (LR 56.1(a) Exh. A(2) p. B003937) Nothing in the Retro-premium Endorsement indicates an intent that non-payment of the premium calculated post-bankruptcy for the period ending on the bankruptcy filing date would excuse defendant of its obligations under the Bankruptcy Clauses. Since the payment of retrospective premiums is the only obligation remaining on plaintiff and since the failure to pay these premiums would not excuse defendant's performance (and, therefore, would not constitute a material breach) the contract is not executory under 11 U.S.C. § 365. See In re Sudbury, Inc., 153 B.R. at 778. Because the insurance policies at issue are not executory contracts, plaintiff was not required to assume them in order obligate defendant to pay for losses resulting from occurrences during the policy periods.[2] Accordingly, defendant's motion for summary judgment is denied. Defendant's motion to file a reply brief in excess of 15 pages is granted. In an order entered today in case number 02C50037 the parties to this action have been ordered to schedule a settlement conference with the magistrate judge within thirty-five days. The settlement conference shall encompass the claims and issues in this action as well. The magistrate judge may choose to conduct a settlement conference himself or order mediation of the dispute.

---

[1] Defendant's motion to file a reply brief in excess of 15 pages is granted.

[2] Because defendant's motion addresses only whether the contracts were executory contracts subject to 11 U.S.C. §365, this order does not decide any other issues. Liability under the contracts and questions of setoff rights are not, as yet, before the court.